WHITLOCK v. GOULD et al.

(Supreme Court, Special Term, New York County. February 26, 1900.)

ESTOPPEL—TITLE TO PROPERTY.

The fact that a transferee allowed minor expenses for the maintenance of the property to be paid by the grantor's estate, without asserting his title, will not estop him from claiming the property, since such estoppel can be only invoked to uphold an interest acquired through the purchase or improvement of the property on the true owner's acquiescence in the apparent condition of the title, the ownership of which is concealed.

Action by one Whitlock against one Gould and others to set aside conveyances made by a decedent, as in fraud of creditors, and for undue influence. Dismissed.

J. Orlando Harrison, for plaintiff.

Francis L. Wellman and Sumner B. Styles, for defendants Laura A. Darragh and Frank A. Tozer.

Sandford S. Gowney, for defendant Louis A. Gould.

GIEGERICH, J. So far as the action proceeds upon the theory of a fraudulent intent upon the part of the grantor or of a fraud upon creditors in contemplation of law, the proof is admittedly insufficient; it appearing, indeed, that his property, other than that conveyed by the deeds in suit, was of a value exceeding the amount of his debts. As to the bona fides of the grantee, the attack upon the conveyances is not to succeed through any question of the grantor's mental capacity, since, so far as the matter was adverted to upon the trial, the possession of his faculties would appear to have been substantially conceded. The main argument for the plaintiff is based upon rules applicable to suits involving the right to possession of personal property claimed through a gift from a person deceased, and much importance has been given by counsel to the necessity for the donee's immediate assumption of possession, and to the requirement of convincing proof by the party asserting the gift as to the fairness of his claim. In the case at bar, however, the defend-

ant is not seeking to establish a gift of personal property, but has become possessed of a sufficient record title to real estate, presumptively valid until successfully assailed; and, in the absence of evidence to support the plaintiff's attack upon the conveyances, the defendants could not well be called upon to prove anything. If the failure to record the deeds at once were a circumstance calling for explanation, a reasonable explanation has been given; and, from the evidence produced, I can only reach the conclusion that the transaction itself was the result of the grantor's deliberate intention and uncontrolled wish. The fact that the real transferee allowed certain minor expenses in the matter of maintaining the property to be defrayed by the grantor's estate, without asserting her title, cannot operate to pass the title to the parties thus suffered to make the payments, as upon an estoppel. Apart from the fact that this ground of attack is not within the issues, such an estoppel could only be invoked to uphold an actual interest acquired through the purchase or improvement of the property upon the faith of the true owner's acquiescence in the apparent condition of the title, where the ownership is concealed. 11 Am. & Eng. Enc. Law, (2d Ed.) pp. 424, 429, 430, and notes. And, except in the case of a purchase of the property, the estoppel is by no means absolute, but, rather, operates to protect the injured party, to the extent of his expenditures, against an active assertion of title by the owner. See Steel v. Refining Co., 106 U. S. 447, 456, 1 Sup. Ct. 389, 27 L. Ed. 226. Here no interest was acquired in reliance upon this particular defendant's attitude, and, while the plaintiff might be entitled to a lien for the amount paid by him, that relief is not sought in this action. The defendants make no affirmative demand upon the strength of these deeds. Hence I cannot direct repayment as an incident to the judgment, and there is no ground for my assuming that the plaintiff's legal remedy, in the form of an action for money paid, laid out, and expended, is not fully adequate.

There should, therefore, be judgment for the dismissal of the complaint upon the merits, but without costs.